JONES, Justice.
Appellant was convicted of murder and was sentenced to life imprisonment by the Circuit Court of Sunflower County. We affirm.
Appellant was a trusty at the State Penitentiary. On or about June 17, 1970, a prisoner, Danny C. Bennett, while working, complained of being sick. Thereupon, the appellant and another trusty attacked him. They heat him brutally with a lead-filled rubber hose and with an ax handle. The beating was so severe that Bennett begged one of the guards to shoot him. After he had fallen and had lain in the *846 cotton field for a while, he was carried to the hospital, where he was found to be dead.
A coroner’s inquest was held, and the verdict was that he had died of a heat stroke. The two trusties were indicted for murder; and on a severance, appellant was tried. The only assignments argued here are: (1) that the court erred in permitting a member of the coroner’s jury to testify; and (2) that the verdict was against the overwhelming weight of the evidence. We dismiss the second assignment now with a statement that the evidence was overwhelming as to the beating and, in our opinion, was strong as to the cause of Bennett’s death.
The State began its case by introducing Bennett’s death certificate, which gave heat stroke as the cause of death. This certificate was signed by the penitentiary physician. The State then introduced one Willingham, who had been a member of the coroner’s jury. He testified only as to what he had seen and as to what Dr. Ham-mack, the penitentiary physician, had stated, which was that Bennett had died of heat stroke, as shown by the death certificate.
While the introduction of this witness was error, it does not appear from the whole record that the admission of said evidence resulted in a miscarriage of justice; and under our Rule 11 of the Supreme Court of Mississippi, we hold that it was harmless error.
The only issue at the trial was as to the cause of death.
There was no denial of the beating which occurred on or about June 17, 1970. There was an autopsy made on June 19, 1970, by Dr. Philpot. At this autopsy, Dr. Philpot concluded that the decedent had died “• . . as a result of a combination of both heat stroke and the results of severe trauma, such as might have been inflicted by a beating.”
On July 22, 1970, an Ad Hoc Committee of the Mississippi State Medical Association, comprised of six or more physicians who had been requested to investigate the death of the prisoner, heard Dr. Philpot and Dr. Hammack relative to their findings ; and the committee then adopted as its report a statement including the following:
The committee agrees that hyper-pryexia [sic] (heat stroke) is the cause of death. It is also noted that physical trauma occured [sic] prior to death. While the effects of physical trauma cannot be wholly disassociated from the cause of death, there is insufficient medical evidence for the committee to conclude that trauma per se was a substantial factor.
This finding and the testimony of doctors present at the meeting were introduced at the trial.
Sometime after the Ad Hoc Committee had met, the body was exhumed; and on August 29, 1970, another autopsy was had by Dr. Philpot. In the meantime, he had secured additional information; and at the second autopsy, he made examinations that had not been made at the first autopsy. At this time, a bruise behind the deceased’s right ear was discovered and it was also found that deceased’s larnyx had been burst. Drawings illustrating the contusions over the body and back of the decedent and including cavities or scars of burnings were introduced. At this second autopsy, which was performed over two months after Bennett’s death, Dr. Philpot made an incision in the upper part of the deceased’s back, where the bruises were widespread. Blood ran from the incision; and the doctor testified that from this occurrence, it was manifest that the beatings had occurred on the day of the death.
In his final summary after the second autopsy, the doctor’s finding was:
It is concluded that Danny Bennett died primarily as a result of trauma, and that the heat exhaustion, if it was a factor *847 at all, was probably a minor terminal event.
The issue as to the cause of death was squarely presented to the jury; and on this issue, the jury found that the trauma had caused the death. The case is affirmed.
Affirmed.
RODGERS, P. J., and BRADY, INZER, and ROBERTSON, JJ., concur.