271 So.2d 738 (1973)
J.C. GILMER
v.
STATE of Mississippi.
No. 46998.
Supreme Court of Mississippi.
January 8, 1973.
*739 Townsend & McWilliams, Drew, for appellant.
A.F. Summer, Atty. Gen. by J.B. Garretty, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
This is a companion case to McLaurin v. State, 260 So.2d 845 (Miss. 1972). Appellant and McLaurin were indicted by a grand jury of the Circuit Court of Sunflower County for the murder of Danny Calhoun Bennett. McLaurin was tried, convicted and sentenced to life imprisonment in the State Penitentiary, and his conviction was affirmed by this Court in McLaurin v. State, supra.
Defendant was a trusty at the State Penitentiary in charge of a group of prisoners including the deceased, Danny Calhoun Bennett.
Although defendant denied beating Bennett, there was testimony from several prisoners in the group that the appellant and McLaurin did severely beat Bennett with a stick and a piece of leaded rubber hose.
There was ample evidence of the beating, but the testimony as to the exact cause of death was in sharp conflict. Dr. B.L. Hammack, the prison doctor who examined the body when it was brought to the clinic, testified that from his examination and information furnished him, he concluded that death was due to a heat stroke, and signed a death certificate to that effect. He stated that he found no evidence of any beating. The justice of the peace who called together the coroner's jury testified that the jury concluded that Bennett died of natural causes. Dr. Van Philpot, medical witness for the state, testified that he performed two autopsies on Bennett's body, one shortly after death and one about two months later. He stated that he finally concluded that Bennett died primarily as a result of the trauma caused by the beating. Four other prominent physicians who formed an ad hoc committee of the State Medical Association to look into Bennett's death testified that they heard testimony from Dr. Philpot and Dr. Hammack and examined the tissue slides and autopsy reports prepared by Dr. Philpot. Each of the four testified that in his opinion, Bennett died of heat pyrexia rather than as a result of the trauma. Although conflicting, the evidence was sufficient to justify the finding that the beating was a substantial contributing cause of death. Houston v. State, 220 Miss. 166, 70 So.2d 338 (1954).
The defendant assigns as error the action of the trial court in limiting the cross-examination of Dr. Philpot concerning his prior mental problems. Dr. Philpot's testimony as an expert was vital to the state's case. On cross-examination defendant's attorney undertook to inquire into Dr. Philpot's past medical history. Upon the objection of the state the court would not permit the inquiry. Outside the presence of the jury defendant's attorney stated that he believed the physician had undergone a complete mental breakdown and had been diagnosed as a schizophrenic and was under the treatment of a psychiatrist for several years. The district attorney objected to this on the grounds that it was an effort to embarrass the doctor and *740 that the occurrence sought to be inquired into was too remote. After considering the matter in the absence of the jury, the court stated: "I am going to sustain the objection to any testimony that the doctor may have been confined in a mental institution some years ago, the doctor having passed his board examination since that time, and there being no showing that he is not competent at this time. Matters which are not remote in time and which reflect on the doctor's bias or prejudice may be gone into by defense counsel." The record indicates that Dr. Philpot's mental difficulties were in 1959.
Defendant cites Jones v. State, 165 Miss. 810, 146 So. 138 (1933), wherein the court held that a witness's mental condition would go to both his competency and his credibility and that evidence thereof should be taken into consideration by the jury in weighing such witness's testimony. The trial court had reasonable latitude in determining whether the matters sought to be inquired into were too remote to justify the cross-examination of Dr. Philpot. In his ruling he stated that there was no evidence that Dr. Philpot was not competent at the time he testified. The defendant did not further pursue this matter by showing that there was a probability that Dr. Philpot was not competent at the time he testified, or that his prior mental illness had any bearing upon either his competency or his credibility as a witness in defendant's trial. Absent such showing or tender of proof to that effect we cannot say the trial judge erred.
From time to time witnesses are unjustifiably subjected to harassment on cross-examination about matters that are either irrelevant and immaterial or too remote in time. The administration of the laws are best served by giving the trial court reasonable discretion in the protection of witnesses from being subjected to unjustified harassment concerning their past. Otherwise, members of the public will be hesitant to make themselves available as witnesses and thus tend to suppress the truth. We find no cause to reverse this case on this assignment of error and hold that the trial court did not abuse his discretion in limiting the cross-examination of Dr. Philpot.
It is the contention that the trial court erred in granting the following instruction for the State:
The Court instructs the jury for the State that where two or more persons act in concert to accomplish the commission of a crime, the act of one is the act of all; that is to say, one aiding and abetting in the commission of a crime is chargeable as a principal, and the acts of other principals are considered to be his acts, and his guilt in no wise depends upon the guilt or innocence, the conviction or acquittal of any other alleged participant in the crime.
Defendant objects to this instruction because (1) it states an abstract principle of law without relating it to the facts of the case, and (2) it assumes an essential element of the crime. Defendant relies upon Newton v. State, 12 So. 560 (Miss. 1893), and Smith v. State, 237 Miss. 498, 115 So.2d 318 (1959). In the Newton case, Will Newton, June Newton and William Edwards were indicted for the rape of one Maggie Williams. The victim testified that Will committed the rape, and that June and William were present, aiding and abetting. The state obtained an instruction as follows:
"If the jury believe from the evidence that, though June Newton and Wm. Edwards did not take hold of the person of Maggie Williams, yet if they were present, aiding and abetting by words and deed Will Newton, they were equally guilty with Wm. Newton, and the jury must so find." ... . (12 So. at 560.)
This Court held that the instruction was fatally defective in that it assumed that Will had committed the rape, and June and *741 William are declared to be guilty if they were aiding and abetting. In Smith, which involved principals and an accessory in a robbery, the State obtained an instruction that "... if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Charles Smith, was present, aiding, assisting and abetting Lucas McCurty, Y.J. Jones, and Willie Eugene alias James Willie Smith, Jr., or either of them, when they did wilfully, unlawfully and feloniously point and aim a firearm... ." This Court condemned the instruction, saying that it was couched in such terms that the jury may have assumed that in the mind of the judge, at least, the crime of armed robbery had been committed by appellant's coindictees.
We are of the opinion that the Newton and Smith cases are distinguishable in material respects from the case now before the Court. As indicated in both of the cited cases, essential elements of the crime were assumed, which is not true of the instruction involved in this case. The mere fact that the instruction is abstract is not of itself cause for reversal, under the particular circumstances of this case.
Defendant also assigns as error the refusal of the Court to grant the following instruction requested by defendant:
The Court instructs the jury for the defendant that under the laws of this state the cause of death as stated in the death certificate of Danny Calhoun Bennett is presumed to be correct, and the Court further instructs the jury that unless the State has proved beyond a reasonable doubt and to a moral certainty that Danny Calhoun Bennett did not die of heat pyrexia, then you will find the defendant not guilty, unless you further believe that actions or failure of action on the part of Defendant, which he was authorized to and could do, caused or substantially contributed to the death of Danny Bennett by heat pyrexia.
Section 7064, Mississippi Code 1942 Annotated (Supp. 1972), reads in part as follows:
Any copy of the records of birth, sickness or death, when properly certified to by the state registrar of vital statistics, to be a true copy thereof, shall be prima facie in all courts and places of the facts therein stated... .
The prima facie case made out by the death certificate yielded to the proof. In this case, the evidence concerning the cause of death was fully developed and any presumption must yield to the evidence. Moreover, Mississippi Code section 1530 (Supp. 1972) prohibits the trial court from commenting on the evidence. We hold that the Court did not err in refusing this instruction.
The defendant assigns as error the refusal of the trial court to grant the following instruction:
The Court instructs the Jury that the Defendant was an inmate at the State Penitentiary at the time of death of Danny Calhoun Bennett, and was subject to lawful orders of the governing authorities of the Penitentiary.
The evidence did not show that any official of the penitentiary ordered the defendant to beat Bennett. There is no basis in the evidence for the granting of this instruction. Moreover, the defendant denied that he beat Bennett and, therefore, cannot claim that he did so under compulsion of superior orders. We find no merit in this assignment.
Defendant contends that the verdict of the jury was contrary to the overwhelming weight of the evidence. The thrust of the argument under this assignment of error is an attack upon the medical testimony given by Dr. Philpot. It is brought out that five physicians testified that in their opinion Bennett died of heat stroke. We are of the opinion that the question of the cause of death was clearly one for the jury to *742 decide. Dr. Philpot conducted two autopsies and was in a better position to determine the cause of death than were the other doctors who testified to the contrary. The evidence in this case is highly conflicting in many respects. Numerous witnesses testified of the beating administered by the defendant and McLaurin. And numerous witnesses testified to bruises on various parts of the body of the deceased. The question of guilt was one for the jury.
The other assignment of error is without merit and does not require comment.
After a careful review of the entire case, we are of the opinion that the judgment of conviction should be and it is affirmed.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.