285 So.2d 895 (1973)
Jerry W. FREELAND
v.
STATE of Mississippi.
No. 47539.
Supreme Court of Mississippi.
November 26, 1973.
Rehearing Denied December 17, 1973.
Darryl A. Hurt, Lucedale, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Special Asst. Atty. Gen., Jackson, for appellee.
*896 BROOM, Justice:
This case comes to us on appeal from the Circuit Court of George County, Mississippi, where appellant was convicted of the crime of "manufacture and/or produce marijuana." He was sentenced to the state penitentiary for a term of six years. We affirm.
Appellant was observed by different law officers fertilizing and otherwise cultivating marijuana plants situated on his land and also on adjoining land of St. Regis Paper Company. Samples of the growing plants were taken from said company's land and sent to the State Crime Lab which ascertained in fact that the plants were marijuana.

PROPOSITION I.
It is first urged that error was committed because the evidence introduced against appellant at the trial was seized under the authority of a void search warrant. There is no merit to this contention because the testimony shows clearly that the marijuana plants that were seized were not actually situated upon appellant's property, but instead were removed from land belonging to the St. Regis Paper Company. Therefore, appellant is not in a position to complain of an irregularity or defect, if any, in the search warrant since the fruit of the search came from a search of property other than his own. As held in the case of Robinson v. State, 219 So.2d 916 (Miss. 1969), to be able to complain that a search was made of someone's property, other than his own, under a void or defective search warrant, a defendant (appellant) must show either that he possessed the seized property, or had a substantial possessory interest in the premises searched, or that he was legally on the premises where the search occurred at the time of the search. See also, Wolf v. State, 281 So.2d 445 (Miss. 1973).

PROPOSITION II.
Secondly, it is argued by appellant that the trial court erroneously overruled his motion for a directed verdict and that the verdict of the jury was contrary to the overwhelming weight of the evidence. Here the record clearly shows that after the appellant moved for a directed verdict at the close of the state's case, he introduced evidence in his own behalf by taking the stand and testifying. Then at the close of all the evidence, he failed to renew his motion for a directed verdict and he also failed to request a peremptory instruction. The case of Ross v. State, 234 Miss. 309, 106 So.2d 56 (1958), held that a defendant waived his motion for a directed verdict, which was made after the state's case had been completed, where he took the stand and testified in his own behalf. See also, Smith v. State, 245 So.2d 583 (Miss. 1971). Also, in the case before us the appellant failed to include in his motion for a new trial that the verdict of the jury was contrary to the overwhelming weight of the evidence. Therefore he has waived his argument as to the sufficiency of the evidence. Neves v. State, 268 So.2d 890 (Miss. 1972); Colson v. Sims, 220 So.2d 345 (Miss. 1969).
Regardless of all the procedural rules argued, the testimony of a single witness may be sufficient to sustain a conviction even though there may be more than one witness testifying to the contrary. Nash v. State, 278 So.2d 779 (Miss. 1973); Cochran v. State, 278 So.2d 451 (Miss. 1973). In the case at bar there was the testimony of the state's main witness, an officer named Thompson, who said he observed appellant cultivating the plants on property of St. Regis Paper Company. This was denied by the appellant. Thus a conflict was created which only the jury could resolve. It was resolved against the appellant, and we find no reversible error in the record.
Affirmed.
RODGERS, P.J., and INZER, ROBERTSON and WALKER, JJ., concur.