312 So.2d 712 (1975)
Emlle ANSELMO
v.
STATE of Mississippi.
No. 48421.
Supreme Court of Mississippi.
May 5, 1975.
*713 Kelly McKoin, Biloxi, for appellant.
A.F. Summer, Atty. Gen., by Vera Madel Speakes, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, INZER and WALKER, JJ.
RODGERS, Presiding Justice:
The appellant, Emile Anselmo, was indicted, tried and convicted of selling marijuana by the Circuit Court of Harrison County, Mississippi. He has appealed to this Court and now contends that the trial court should have granted a directed verdict in favor of the appellant because he was not indicted by the grand jury, and that the testimony offered by the state was insufficient to sustain a judgment of conviction against the appellant.
*714 The testimony offered by the state tends to show that the appellant sold two "lids" (ounces) of marijuana to an undercover agent of the City of Biloxi, Mississippi. Two agents were present at the time of the sale. The appellant offered an alibi in defense of the charge. We think the evidence is sufficient to show that the sale was made as testified to by the agents, and that the jury's verdict is not against the great weight of the testimony.
This case is not unusual insofar as the evidence of the commission of crime is concerned. We would not ordinarily write an opinion in a case of this nature, but in view of an exceptionally unique issue raised by the briefs in the instant case, we feel that the law should be clarified in the following particular.
The indictment in this case on the usual form charges:
"That EMIL (last name unknown) late of the County and Judicial District aforesaid, on or about the 5th day of July, in the year of our Lord, 1973, ... did unlawfully, wilfully & feloniously, deliver and sell to one James Jordan, a certain controlled substance without authority of law, to-wit: 89.8 grams of Marijuana, and receive therefor the sum of $45.00 in good and lawful money of the United States of America, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi."
The argument of the appellant is predicated upon the proposition that the appellant's surname was not added to the indictment during the trial, although the two police agents had identified the defendant as being the person who made the sale of marijuana to James Jordan.
The appellant made a motion for a directed verdict at the time when the state rested its case in chief. This motion, however, did not point out any defect in the indictment. It merely requested that the court set aside the testimony offered by the state and direct a verdict for the defendant. No demurrer was filed to the indictment, and no motion for a directed verdict was made at the end of the case; nor did the appellant request a written instruction directing the jury to find the defendant not guilty.
We have often held that a motion for a directed verdict at the conclusion of the state's case in chief is waived if the defendant elects to go forward with testimony for the defense. See, e.g., Fields v. State, 293 So.2d 430 (Miss. 1974); Ross v. State, 234 Miss. 309, 106 So.2d 56 (1958).
Moreover, the defendant did not expressly set forth specific grounds for a directed verdict, and the trial court did not have an opportunity to pass upon the contention that the defendant was not charged with a crime in the indictment since his full name was not set out in the indictment. Therefore, this contention is not available to him on appeal to this Court. See Norman v. State, 302 So.2d 254 (Miss. 1974); Stringer v. State, 279 So.2d 156 (Miss. 1973). See also Miss. Code Ann. § 99-35-143 (1972).
We are told by the text writer in 41 Am.Jur.2d Indictments and Informations § 134, at 965 (1968), that as a general rule, where the names of the persons necessary to be named in an indictment are unknown, they can be designated as "Unknown to the grand jury" in the indictment. See also 42 C.J.S. Indictments and Informations § 127 f, at 1018 (1944).
The grand jury has the authority to present an indictment against one whose name is unknown or who is known by many names, the correct name of the defendant being to the grand jury unknown. Mississippi Code Annotated § 99-7-25 (1972) is in the following language:
"If any indictment describes a defendant as a person whose name is to the jurors unknown, and it afterward appears *715 that at the time of finding the bill his name was known, the court may order the indictment to be amended according to the fact."
One may not be acquitted for a crime he has committed upon the ground that the grand jury did not know his full name where (as in this case) it is shown in the evidence that he is the man who in fact committed the crime at the time and place shown in the indictment.
Mississippi Code Annotated § 99-11-35 (1972) is in the following language:
"A person shall not be acquitted or discharged in a criminal case, before verdict, for any irregularity or informality in the pleadings or proceedings; nor shall any verdict or judgment be arrested, reversed or annulled after the same is rendered, for any defect or omission in any jury, either grand or petit, or for any other defect of form which might have been taken advantage of before verdict, and which shall not have been so taken advantage of."
There is, however, a much more specific rule applicable to the contention of the defendant that the name or names alleged in the indictment are not his name. This rule is admirably expressed in 42 C.J.S. Indictments and Informations § 306, at 1337 (1944), as follows:
"By pleading to the charge, accused waives any misnomer in the indictment or information and admits that the name by which he is charged is his true name. Under a statute authorizing the correction of the name on the suggestion of accused, where he declines to move for or request such a change, accused cannot thereafter claim error in that he was indicted and prosecuted under the wrong name." (Footnotes omitted).
Where the defendant contends that he is not the person named in the indictment, he must so plead prior to arraignment. Mississippi Code Annotated § 99-7-19 (1972) is in the following language:
"An indictment or information shall not be abated by reason of any misnomer or dilatory plea; but in such case the court shall forthwith cause the same to be amended according to the proof, and proceed as though such plea had not been pleaded; and an indictment shall not be held insufficient for want of, or imperfection in, the addition of any defendant."
Moreover, when the true name of the person alleged to have committed the crime is unknown to the grand jury and during the trial his true name is revealed by the proof, the trial court may enter an order amending the indictment. Miss. Code Ann. § 99-7-19 (1972).
If the indictment fails to name any person, its validity may be tested by demurrer before the jury is impaneled. Mississippi Code Annotated § 99-7-21 (1972) is as follows:
"All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the venire facias in capital cases, and before the jury shall be impaneled in all other cases, and not afterward. The court for any formal defect may, if it be thought necessary, cause the indictment to be forthwith amended, and thereupon the trial shall proceed as if such defect had not appeared."
In the case of Lee v. State, 138 Miss. 474, 103 So. 233 (1925), this Court pointed out that where there is a variance between the name alleged in the indictment and the true name of the defendant as shown by the testimony, the trial court could amend the indictment at any time during the trial. The court also held that the failure to amend was not a reversible error.
*716 In the instant case we hold that since the appellant failed to plead that his name was not shown in the indictment before pleading not guilty, he waived his right to claim that he was not the person named in the indictment. We also hold that the trial court was not required to amend the indictment on its own motion.
The verdict and judgment of the trial court is hereby affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.