322 So.2d 468 (1975)
Dennis RICH
v.
STATE of Mississippi.
No. 48670.
Supreme Court of Mississippi.
October 13, 1975.
Rehearing Denied December 8, 1975.
Pennington, Walker & Turner, West Point, for appellant.
A.F. Summer, Atty. Gen., by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, INZER and WALKER, JJ.
INZER, Justice:
Appellant, Dennis Rich, was indicted, tried and convicted in the Circuit Court of Oktibbeha County for the crime of burglary. He was sentenced to serve a term of six years in the State Penitentiary. From this conviction and sentence he appeals. We affirm.
Dr. J.F. Eckford testified on the morning after August 8, 1973, he discovered that his clinic in Starkville, Mississippi, had been burglarized, and that entry had been effected by the breaking of glass on the rear door. Two participants, Steve Oaks and Victor Marsh, testified that they and another participant, Bruce Manchester, *469 broke into the clinic and took a quantity of pills while the appellant stood watch outside the rear door of the clinic. Both indicated that the crime had been planned by all four of them earlier that night at the Mississippi State University Union after they had asked appellant if he knew where they could obtain some drugs.
Steve and Victor testified after the burglary the four of them went to Bruce Manchester's trailer and divided the drugs equally among themselves. This testimony was corroborated by Mrs. Myra Elkins, Bruce's mother, who was present at the trailer when the four boys arrived and divided the drugs.
Three witnesses testified for the appellant. Appellant's mother, Mrs. Laura Rich, testified that her son left Starkville during the last part of July and called her collect from Kankakee, Illinois, around August 8 or 9, 1973. She testified that he did not return to Starkville until August 20. Terry Miller, Dennis' brother, testified he was present when the appellant called from Kankakee, Illinois, on August 8, 1973. Robert Hurley, a resident of Illinois, testified that he saw appellant several times during early August 1973 in his home in Kankakee, Illinois.
Appellant contends that the trial court erred in overruling his motion for directed verdict at the conclusion of the state's case, and in failing to direct a judgment of acquittal at the conclusion of the trial. However, the appellant is precluded from raising any question regarding his motion for a directed verdict at the conclusion of the state's case by introducing evidence in his own behalf. Hankins v. State, 288 So.2d 866 (Miss. 1974); Ross v. State, 234 Miss. 309, 106 So.2d 56 (1958).
With regard to the failure of the trial judge to direct a verdict at the conclusion of the defendant's case, we stated in Roberson v. State, 257 So.2d 505 (Miss. 1972):
We have repeatedly pointed out that the trial judge in passing upon a motion for a directed verdict or peremptory instruction must assume that all evidence for the state is true, and must assume that all reasonable inferences that may be drawn from the evidence by the jury of reasonable men, is true, and if from all the testimony, there is enough in the record to support a verdict, the motion for a peremptory instruction should be overruled. Redwine v. State, 149 Miss. 741, 115 So. 889 (1928). (257 So.2d at 507).
Clearly, the evidence introduced by the state presented a prima facie case of burglary, after which the issue of defendant's guilt was properly presented to the jury.
Appellant next contends that the verdict of the jury was contrary to the overwhelming weight of the evidence and based upon the uncorroborated testimony of accomplices which should be viewed with caution and suspicion particularly in light of appellant's alleged alibi. However, the testimony of each accomplice supported the other. Furthermore, the testimony with regard to division of the drugs after the burglary was supported by another witness, the mother of one of the other accomplices. We have held numerous times that although testimony of accomplices should be viewed with caution and suspicion, a conviction may rest on the uncorroborated testimony of an accomplice, if such testimony is not unreasonable, improbable or self-contradictory. Moore v. State, 291 So.2d 187 (Miss. 1974), and Larry v. State, 211 Miss. 563, 52 So.2d 292 (1951). Merely because the jury refused to believe defendant's alibi does not warrant a finding that the testimony of the accomplices was unreasonable or that the verdict was contrary to the overwhelming *470 weight of the evidence. Ladnier v. State, 273 So.2d 169 (Miss. 1973).
The record in this case reveals that the crime for which the appellant was convicted was committed, and the evidence fully supports the verdict of the jury. Accordingly, for the reasons stated, this case must be and is affirmed.
Affirmed.
GILLESPIE, C.J., RODGERS, P.J., and SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.