403 So.2d 146 (1981)
Willie RAGLAND
v.
STATE of Mississippi.
No. 52868.
Supreme Court of Mississippi.
September 9, 1981.
William Sebastian Moore, Jackson, Patrick D. O'Rourke, Nashville, Tenn., for appellant.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, BROOM and LEE, JJ.
LEE, Justice, for the Court:
Willie Ragland was indicted, tried and convicted in the Circuit Court of the First Judicial District of Hinds County, Honorable William F. Coleman, presiding, for armed robbery, and was sentenced to serve twenty years in the Mississippi Department of Corrections with five years suspended, fifteen years to serve and placed on probation for five years. Ragland has appealed to this Court and contends (1) that the state failed to prove a prima facie case of robbery with a deadly weapon, (2) that the lower court erred in declining to grant a directed verdict of not guilty and (3) that the verdict of the jury is against the overwhelming weight of the evidence.
The evidence for the state indicated that at about 8:00 p.m. on May 22, 1980, seventeen-year-old David Smith was driving his father's car in Jackson, Mississippi en route to visit a girl friend. He was unable to find her home and he stopped at a convenience store on Northside Drive and telephoned her for directions. As Smith walked back to the automobile, he saw appellant standing beside it. Appellant asked Smith to let him ride up the street, Smith declined, but appellant entered the automobile. Smith got in on the driver's side and asked appellant to get out of the vehicle, whereupon appellant pulled a Buck knife, opened it, waved it in Smith's face and said: "Well, don't make me have to hurt you." Appellant then told Smith to drive him to Rose's on Clinton Boulevard and Smith complied with that request.
A short time later, the appellant ordered Smith to drive to Highway 49 and proceed toward Yazoo City. Smith obeyed appellant's command and, as he drove upon Highway 49, the appellant pointed the knife at him and told Smith to give him all his money. Smith, fearing for his life, gave the appellant $4. When they reached Yazoo City, the appellant told Smith to drive off on a side road and head toward Belzoni, saying that Smith was lucky he didn't kill him, beat him up or take his car. Following the instructions of appellant, Smith drove several miles down various country roads until appellant told him to stop the car and let him out. Smith stopped in a residential neighborhood somewhere in Belzoni, appellant got out of the car, gave Smith $2 for *147 gas on his return trip to Jackson and instructed Smith on how to get back to Highway 49. Smith drove away and at about 1:30 a.m. he stopped at a convenience store in Yazoo City where he told the store manager what had happened.
The manager called the police and an officer was dispatched to the convenience store. The officer subsequently requested the assistance of the highway patrol and Sheriff Jones of Humphreys County in the search for appellant. Smith gave the officers a detailed description of appellant and took them to the place where appellant had gotten out of the car. The officers and Smith drove to a cafe near the spot; Sheriff Jones went inside to check persons for the description given by Smith and saw appellant sitting at a table with three male companions. Appellant fit the description given by Smith and the sheriff requested him to come outside, where he was arrested for armed robbery.
At trial, appellant testified that he met Smith at the convenience store on Northside Drive, paid Smith $10 to take him to Belzoni, and bought beer for them to drink on the way. Appellant denied that he pulled a knife on Smith or robbed him, and claimed that Smith voluntarily took him to Belzoni.
In contending that the state failed to make out a prima facie case of armed robbery, that the motion for a directed verdict of not guilty should have been granted, and that the verdict of the jury was against the overwhelming weight of the evidence, the appellant argues that the only witness who testified about the facts of the crime was the victim Smith, and that the state had the duty to produce the knife with which appellant threatened Smith. Appellant overlooks the well established rule that a person may be found guilty on the uncorroborated testimony of a single witness. In Freeland v. State, 285 So.2d 895 (Miss. 1973), the Court said:
Regardless of all the procedural rules argued, the testimony of a single witness may be sufficient to sustain a conviction even though there may be more than one witness testifying to the contrary. Nash v. State, 278 So.2d 779 (Miss. 1973); Cochran v. State, 278 So.2d 451 (Miss. 1973). In the case at bar there was the testimony of the state's main witness, an officer named Thompson, who said he observed appellant cultivating the plants on property of St. Regis Paper Company. This was denied by the appellant. Thus a conflict was created which only the jury could resolve. It was resolved against the appellant, and we find no reversible error in the record.
(285 So.2d at 896)
In Murphree v. State, 228 So.2d 599 (Miss. 1969), this Court answered the contention of appellant that a prima facie case was not made because of failure to introduce the weapon:
... The proof in this case is overwhelming that the tire tool was the lethal weapon used by appellant. The state was under no obligation to even introduce the tire tool... .
(228 So.2d at 601)
Appellant also argues that the case sub judice is a circumstantial evidence case and that the state was required to prove appellant guilty to the exclusion of every other reasonable hypothesis consistent with his innocence. That contention is misplaced for the reason that the case is based on direct testimony of Smith and not on circumstantial evidence.
The facts of this case presented a question for the jury to determine as to the guilt or innocence of the appellant and the lower court correctly refused appellant's motion for a directed verdict of not guilty. Also, the verdict is not against the overwhelming weight of the evidence, but is supported by the evidence. Saik v. State, 387 So.2d 751 (Miss. 1980), Warn v. State, 349 So.2d 1055 (Miss. 1977), Redwine v. State, 149 Miss. 741, 115 So. 889 (1928).
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.