SOUTHWICK, J.,
for the Court:
¶ 1. Steven Varvaris was found guilty in Rankin County Court of careless driving. The circuit court affirmed. Here Varvaris claims that the evidence was insufficient to support the verdict, that an improper instruction was given on the level of proof required, and that a reckless driving instruction should have been given. We find none of these assignments well taken and affirm the circuit court.
FACTS
¶ 2. During the very early morning hours of September 28, 1994, Steven Varvaris was driving through Pearl when Officer Pamela Rigby stopped him. Rigby stated that Var-varis was driving about 20-25 m.p.h. in a 35 m.p.h. zone and had been weaving between the two north bound lanes of Pearson Road. Varvaris did not stop until he had turned onto Vera Street and into a driveway where his wife’s apartment was located. Varvaris was held there while Rigby summoned backup assistance to the scene. After the backup arrived, a sobriety test was administered. The test did not indicate intoxication.
¶ 3. Varvaris was cited by Rigby for careless driving and released. Varvaris denied he was driving carelessly and maintained he was pulled over simply for driving slowly, after midnight, with an out-of-county license plate. He further asserted that Rigby became argumentative and pushed him. Rigby denied these allegations and testified that she felt threatened by Varvaris. Three individuals gave testimony in this case: Pamela Rigby, Steven Varvaris, and Estelle Varvar-is. Having heard the evidence, the jury convicted Steven Varvaris of careless driving.
DISCUSSION
¶ 4. We note the City’s failure to file a brief for this appeal. The Mississippi Supreme Court has held “that the failure of the appellee to file a brief is tantamount to a confession of error and will be accepted as such unless we can with confidence say, after considering the record and brief of appellant, that there was no error.” Snow Lake Shores Prop. Owners v. Smith, 610 So.2d 357, 361 (Miss.1992). We apply that standard in our analysis.

Issue 1: Whether the evidence supported the verdict.

¶ 5. Varvaris argues that the testimony of Officer Rigby alone was not sufficient to establish his guilt beyond a reasonable doubt given the lack of supporting evidence. However, a conviction can be sustained based on the uncorroborated testimony of just one witness. Ragland v. State 403 So.2d 146, 147 (Miss.1981). In Ragland the Mississippi Supreme Court also noted that this was true “even though there may be more than one witness testifying to the contrary.” Id. (quoting Freeland v. State, 285 So.2d 895, 896 (Miss.1973)). Thus we reject Varvaris’s argument that in a quantitative sense he had more evidence than did the City, namely his own testimony and the negative results from the tests for intoxication compared to just the officer’s testimony. That does not mean he prevails.
¶ 6. The fact that the defendant was not found to be intoxicated is immaterial since he was only charged with careless driving. True, the officer’s testimony that he was weaving across lanes might have raised suspicions of intoxication, but there is no eviden-tiary presumption that a non-intoxicated person can not weave across lanes. It is well within the province of the jury to decide an individual may weave for a variety of reasons including, as was charged here, being careless while driving.
*1217 17. The defendant also asserts that these factors combine to show the county court erred in not granting his request for a directed verdict. Since we find that the evidence was sufficient to support the verdict, we also find the county court judge committed no error in refusing the defendant’s request for a directed verdict. McBride v. Chevron, 673 So.2d 372, 381 (Miss.1996).

Issue 2: Whether the county court failed to inform the jury that this was a criminal case and as such required proof beyond a reasonable doubt.

¶ 8. Jury instruction C-2 was given to the jury by the court. The instruction makes it clear that the defendant stood charged with a crime and that the proof must convince the jury of the defendant’s guilt beyond a reasonable doubt. This issue has no factual foundation and is without merit.

Issue 3: Whether the trial court erred in not granting the defendant’s request that the jury be given a reckless driving instruction.

¶ 9. Varvaris argues the evidence does not support a conviction for careless driving and that the jury should have been instructed on reckless driving, which is a more serious offense. Varvaris was not charged with reckless driving. The trial judge could not have properly instructed the jury by giving them an instruction on a charge the defendant did not face. Such a instruction would have been a material and fatal variance from the charge. Williams v. State, 445 So.2d 798, 806 (Miss.1984). The jury was free to find that the evidence supported careless driving even if they would have believed reckless driving also occurred.
¶ 10. Reckless driving is defined as “driv[ing] any vehicle in such a manner as to indicate either a wilful or a wanton disregard for the safety of persons or property....” Miss.Code Ann. § 63-3-1201 (Rev.1996). Careless driving is defined as “driv[ing] any vehicle in a careless or imprudent manner, without due regard for the width, grade, curves, corner, traffic and use of the streets and highways and all other attendant circum-stances_” Miss.Code Ann. § 63-3-1213 (Rev.1996). Varvaris is essentially saying that if the officer’s testimony is taken as true, then his conduct constituted reckless driving and not careless driving. The conduct may have constituted both, but our sole appellate concern is whether it constituted careless driving. It did and there was no error in the trial court instructing the jury on careless, rather than reckless driving.
¶ 11. We can say with confidence, “after considering the record and brief of appellant, that there was no error.” Snow Lake Shores, 610 So.2d at 361. We therefore affirm.
¶ 12. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, AND KING, JJ., CONCUR.
PAYNE, J., NOT PARTICIPATING.