LEE, J.,
for the Court:
¶ 1. This appeal is from the Circuit Court of Tishomingo County where the appellant, Donna Langston, was found guilty of improper parking and fined twenty-five dollars, thereby reducing the $120 fine which had been imposed by the Iuka Municipal Court. Langston had parked in the parking lot in front of a light post near the entrance to Wal-Mart while she shopped. Upon returning to her vehicle, an officer told her she was parked in a fire lane and issued a ticket for improper parking. She asserts as error that the officer issuing the ticket had no authority to do so on a privately owned parking lot, and that the evidence was insufficient to support the verdict. Finding no reversible error, we affirm.
A Preliminary Issue
¶ 2. We note that the appellees have failed to file a brief in regard to the matter before this court. Though there is authority that failure to file a brief can be considered as a confession of error, Price v. Price, 430 So.2d 848, 849 (Miss.1983), it is also the case that the lower tribunal may be affirmed in such situations if the reviewing court is convinced, after reviewing the record, that there was no error in the decision. Selman v. Selman, 722 So.2d 547, 551 (¶ 13) (Miss.1998); Varvaris v. City of Pearl, 723 So.2d 1215, 1216 (¶ 4) (Miss.Ct.App.1998). Automatic reversal, therefore, is not necessarily required in the absence of an appellee’s brief. Graham v. Graham, 767 So.2d 277, 279-80 (¶ 6) (Miss.Ct.App.2000). We also observe that there is a presumption of correctness that attaches to a lower court’s decision. *1015 Shelton v. Kindred, 279 So.2d 642, 644 (Miss.1973). For these reasons, we have undertaken a review of the matter on the merits rather than summarily take the ap-pellee’s inaction as confession of error.
I. WHETHER THE OFFICER HAJD AUTHORITY TO ISSUE THE TICKET FOR IMPROPER PARKING ON A PRIVATELY OWNED PARKING LOT.
¶ 3. This issue concerns the interpretation of a statute and is a pure question of law. Milam v. State, 578 So.2d 272, 273 (Miss.1991). With regard to a pure question of law, this Court shall conduct a de novo review. Cole v. National Life Ins. Co., 549 So.2d 1301, 1303 (Miss.1989). Because the parking violation occurred on a private parking lot, the relevant statute is MissUode Ann. § 63-3-913 (Rev.1996), which regards parking on restricted access private property. The relevant portions of that statute state:
(1) The designation of areas on private property which are clearly marked to restrict access thereto to emergency vehicles shall be considered permission by the owner of such property that law enforcement officers may enter such private property to enforce such restricted access; and all municipal, county and state law enforcement officers are authorized to enforce such restriction.
(2) It is unlawful to park a motor vehicle, other than an emergency vehicle responding to an emergency, in an area which has been marked as provided in subsection (1) of this section; and any person who unlawfully parks a motor vehicle in such an area or who blocks access thereto is guilty of a misdemean- or and, upon conviction thereof, shall be fined not more than One Hundred Dollars ($100.00) for each violation....
Miss.Code Ann. § 63-3-913 (Rev.1996). Langston argues that the statute requires that in order for an officer to be empowered to enforce these restrictions on private property, that the areas must be clearly and properly marked with signs that are proscribed by law. She claims that the area was not clearly marked because there were no signs posted or other markings to indicate that the area in which Langston was parked was restricted to emergency vehicles.
¶ 4. The fact that there was no sign specifically stating that the area was to remain open for emergency vehicles does not indicate that the area was not clearly marked, as Langston suggests. The above stated statute does not require that emergency lanes must specifically be designated by a sign. The trial record indicates that there was evidence presented that the area was marked with yellow and black stripes. This fact was not disputed. The court found that these lines were there to facilitate parking and to alleviate congestion in the case of an emergency and that the area was therefore clearly marked. The trial judge stated that the area, by implication, was to be left open. This is knowledge that is imputed on a licensed driver. The judicial system could hardly function if it required specific and detailed definitions for every term utilized in its statutes. Appellant’s “not clearly marked” argument fails.
II. WHETHER THE EVIDENCE WAS LEGALLY SUFFICIENT TO SUPPORT THE VERDICT.
¶ 5. In assessing the legal sufficiency of the evidence on a motion for a directed verdict or a motion for JNOV, the trial judge is required to accept as true all of the evidence that is favorable to the non-moving party, including all reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the movant. Yates v. State, 685 So.2d 715, 718 *1016 (Miss.1996); Ellis v. State, 667 So.2d 699, 612 (Miss.1995); Noe v. State, 616 So.2d 298, 302 (Miss.1993); Clemons v. State, 460 So.2d 835, 839 (Miss.1984). If under this standard, sufficient evidence to support the verdict of guilty exists, the motion should be overruled. Brown v. State, 556 So.2d 338, 340 (Miss.1990); Butler v. State, 544 So.2d 816, 819 (Miss.1989). A finding that the evidence is insufficient results in a discharge. May v. State, 460 So.2d 778, 781 (Miss.1984).
¶ 6. This issue is actually a non-issue since the evidence is undisputed that the area in which Langston parked was striped, and it has been resolved in the first issue that the stripes fulfilled the statutory requirement for clearly marking the area as a no parking area. The evidence is therefore sufficient to sustain the verdict and it was not error that the motion for a directed verdict was overruled.
¶ 7. THE JUDGMENT OF THE TISH-OMINGO COUNTY CIRCUIT COURT OF CONVICTION OF IMPROPER PARKING AND FINE OF $25 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, MYERS and CHANDLER, JJ., concur.
IRVING, J., concurs in result only.