250 So.2d 629 (1971)
David ALEXANDER
v.
STATE of Mississippi.
No. 46441.
Supreme Court of Mississippi.
June 28, 1971.
*630 Thomas C. Hogan, Meridian, for appellant.
A.F. Summer, Atty. Gen., by Timmie Hancock, Special Asst. Atty. Gen., Jackson, for appellee.
ROBERTSON, Justice:
Late Saturday night, April 25, 1970, James William Garland was shot to death as he drove his automobile on a street in Meridian, Mississippi. Jim Paul Rhone, David Alexander and Sandra Jones were jointly indicted in the Circuit Court of Lauderdale County for the murder of Garland, "while engaged in the commission of the crime of armed robbery upon him". A severance was granted and David Alexander was tried on November 16, 1970. The jury returned the following verdict:
"We, the Jury, find the Defendant guilty as charged but cannot agree on the punishment."
Sandra Jones testified that she had been with appellant at Payne's Cafe on the night of April 25, 1970. After leaving the cafe, as they walked up Davis Street, Rhone approached them, and said that he had a hustler, a white man who wanted to go with a colored girl. Rhone told her that he would not let the man bother her, that he just wanted her to sit there until he (Rhone) got "through doing what he had to do." "He said he was going to take the man's money." Alexander asked how much money did he have. She did not remember Rhone's answer. Rhone asked Alexander if he had a gun and Alexander gave him his pistol.
*631 They walked up the street to Garland's car. Sandra got on the front seat with Garland, and appellant sat next to her on the front seat. Rhone got on the back seat. They rode around several blocks and Garland asked Rhone and Alexander to get out of the car, and told them that he would pick them up later. It was then that Rhone pulled a gun on Garland and shot him in the back when Garland attempted to speed up the car. The car slowed down, and Alexander and Sandra got out. Rhone shot Garland three more times. One of the bullets severed his spinal column, and the pathologist testified that that was the shot that killed Garland.
Latent fingerprints were lifted from the chrome surrounding the right front vent window of Garland's automobile, and this set of fingerprints, together with appellant's fingerprints taken the next day, were sent to the FBI in Washington, D.C. Curtis Oakes, the FBI fingerprint expert from Washington, testified that the set of latent fingerprints and Alexander's fingerprints matched and were made by the same person.
Appellant assigned five errors:
1. The State failed to prove the elements of the crime of murder while committing armed robbery;
2. The trial court erred in not granting a continuance or mistrial after a front-page article on Rhone's conviction was published in The Meridian Star on Saturday, November 14, 1970, before the appellant's trial on Monday, November 16, 1970;
3. The trial court erred in giving instruction No. 1 for the State;
4. The actual verdict of the jury was questionable, inasmuch as there were marks made on the back of the sheet containing the jury's written verdict; and
5. The verdict was not supported by substantial evidence.
Section 1995, Mississippi Code of 1942 Annotated (1956), says:
"Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not."
Section 2215, Mississippi Code of 1942 Annotated (1956), provides:
"The killing of a human being, without the authority of law, by any means or in any manner, shall be murder in the following cases:
* * * * * *
"(c) When done without any design to effect death, by any person engaged in the commission of the crime of rape, burglary, arson or robbery, or in any attempt to commit such felonies."
The evidence proved a combination or conspiracy entered into by Rhone, Alexander and Jones to commit armed robbery on Garland. When Garland thereafter was shot to death by Rhone at a time when all three conspirators were present and each was doing his or her assigned part in the conspiracy to rob, appellant became an accessory to armed robbery, before the fact, and under the specific provisions of Section 1995 supra was deemed and considered a principal. Every essential element of the crime of murder listed in Section 2215 supra was proved by the State against appellant.
Written motion for a special venire was filed by the appellant on November 8, 1970, and the trial judge entered an order on November 10, 1970, sustaining the motion and ordering a special venire. On November 16, 1970, the day set for trial, appellant filed a Motion for Continuance on the ground that a news article appearing in The Meridian Star on Saturday, November 14, 1970, about Rhone's conviction was prejudicial to appellant.
Defense counsel was allowed to question each member of the special venire placed in the jury box about the newspaper article *632 of November 14, 1970. All of the jurors finally accepted answered that they would give the appellant a fair trial, would consider only the evidence as it came from the witness stand and would consider and be guided by the law as contained in instructions of the court. The appellant accepted the jury before the panel of the special venire was exhausted. It is noted by this Court that the news article only mentioned a "David", never the appellant by name.
The newspaper article was introduced into evidence but appellant stated that he had no proof to offer on the prejudicial nature of the article. The court did not abuse its discretion in overruling the Motion for Continuance.
The appellant contends that Jury Instruction No. 1 for the State was defective because it did not mention armed robbery. The part questioned was:
"[T]hat if you believe from the evidence beyond a reasonable doubt that the defendant, David Alexander, combined with others to commit a crime * * *" (Emphasis added).
We think that a complete answer to this contention is that the indictment stated armed robbery, the evidence was on armed robbery, the State secured an instruction on armed robbery, and the appellant secured two instructions on armed robbery.
The defendant was granted these two instructions, among others:
"The court further instructs the jury for the defendant that it is not incumbent upon the defendant to show how the deceased came to his death; in fact there is no duty resting upon defendant to make any sort of proof; and until the jury shall have been satisfied from all the evidence beyond a reasonable doubt and to a moral certainty that David Alexander knowingly, wilfully and feloniously murdered, the deceased while attempting armed robbery upon him, and unless the state has done this to your satisfaction and beyond every reasonable doubt and to a moral certainty, then you should not hesitate to bring in a verdict of not guilty."
"The Court instructs the jury for the defendant that in a felony murder, the state must prove murder and also must prove that murder was committed while an armed robbery was taking place. If you believe that the state has not proved this you must return a verdict of innocent." (Emphasis added).
When all of the instructions are read and considered together and as a whole, the jury was adequately instructed on the issues. See Cooper v. State, 218 So.2d 874 (Miss. 1969), and Pratt v. State, 212 Miss. 764, 55 So.2d 453 (1951).
On the back of the sheet of paper on which the jury had written their verdict, there were the words "Yes" with 10 perpendicular marks after it, and "No" with 2 perpendicular marks after it.
The appellant did not request that the jury be polled and it was not polled. This matter was not mentioned in the motion for a new trial. No one knows to what these marks referred. It could have referred to those jurors who wanted sugar in their coffee. In their verdict the jurors stated "* * * but cannot agree on the punishment." These marks could very well have referred to that disagreement. In any event, the jury was specifically instructed on behalf of the defendant:
"The court charges the jury for the defendant that under the law each and every juror must agree upon a verdict as the verdict of the jury. In other words all twelve of the jurors must agree upon the verdict in this case."
And,
"The Court instructs the jury that under the law each every juror must agree upon a verdict as the verdict of the jury. In other words, all twelve (12) of the jurors must agree upon the verdict in this case." (Emphasis added).
*633 It is presumed that the jurors followed the instructions of the court as they solemnly promised both the defendant and the state that they would do. Verity is imputed to the jury's verdict.
The judgment of the trial court is affirmed.
Affirmed.
ETHRIDGE, C.J., and PATTERSON, INZER and SMITH, JJ., concur.