368 So.2d 212 (1979)
Lee Edward COLLINS
v.
STATE of Mississippi.
No. 50924.
Supreme Court of Mississippi.
February 14, 1979.
Rehearing Denied March 21, 1979.
John C. Webb, Sidney J. Martin, Greenville, for appellant.
A.F. Summer, Atty. Gen., by Henry T. Wingate, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, WALKER and LEE, JJ.
WALKER, Justice, for the Court:
A jury in the Circuit Court of Washington County convicted Collins of armed robbery. He was sentenced to twenty-five years in the penitentiary. On appeal Collins contends only that the trial court committed reversible error by granting a state instruction which omitted elements of the crime of robbery.
At trial, when the instruction was introduced, appellant objected stating:
The defense objects on the basis that it does not constitute a full nor clear definition of the crime of armed robbery and that it does not contain the factual element of the crime as set forth according to the statute, according to the case law interpreted thereof and consequently, since there is no other instruction defining the crime of armed robbery, that is anyway curative thereof; the instruction is insufficient.
BY THE COURT:
The Court is going to grant the instruction by deleting from it the words "by violence of the person, Jessie Robinson."
On appeal, appellant argues specifically that the instruction failed to require the jury to find the element of "intent to permanently deprive." We have repeatedly pointed out that objections to instructions in the trial court must be specific so the trial judge has the opportunity to rule on the particular grounds relied on. This rule applies to objections to instructions in both civil and criminal trials. Maness v. Ill. Cent. R.R. Co., 271 So.2d 418 (Miss. 1973); Entrican v. State, 309 So.2d 851 (Miss. 1975). Mississippi Supreme Court Rule 42 expressly provides that "... attorneys are required to dictate their specific objections to an instruction offered, thus giving the trial judge an opportunity to pass upon the objections before the case is argued before the jury."
At trial, the objection was that the instruction did not "contain the factual element of the crime." Whereas, on appeal, it *213 is now contended the instruction did not require the jury to find "intent to permanently deprive." We hold that the objection at trial was a general objection and Rule 42 precludes review by this Court of that assignment of error. We note, however, that careful review of the evidence shows such action will not result in a miscarriage of justice.
For the above stated reasons, the conviction and sentence are affirmed.
AFFIRMED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
SMITH, P.J., took no part.