UNITED STATES of America,
Plaintiff-Appellee,

v.

Arlan Lamar ROBINSON,
Defendant-Appellant.

No. 82–4087.

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 1983.

Rehearing and Rehearing En Banc
Denied Oct. 19, 1983.

Michael S. Fawer, Ronda Claire Lustman, New Orleans, La., Peter Halat, Biloxi, Miss., for defendant-appellant.

James B. Tucker, Asst. U.S. Atty., Jackson, Miss., H. Marshall Jarrett, Atty., Cr.

---

Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before CLARK, Chief Judge, THORN-BERRY and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

On initial consideration of this appeal we affirmed the conviction of Arlan Lamar Robinson for violations of 18 U.S.C. §§ 1001, 2 (Counts IV and V), deferred decision on the conviction for extortion under the Hobbs Act, 18 U.S.C. § 1951 (Count I), and remanded for further findings and conclusions by the district court, 700 F.2d 205. Specifically, we directed that the trial judge spread upon the record of this case, certifying to this court, his findings and conclusions relative to the extrinsic offense evidence elicited from the witness John Baltar, in light of the teachings of *United States v. Beechum,* 582 F.2d 898 (5th Cir. 1978) (en banc), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979), and the directives of Rules 403 and 404(b), Federal Rules of Evidence. We have now been favored with the trial court's certificate, the proceedings before the district court on remand, and the supplemental briefs of the parties.

The trial court finds that the testimony by Baltar implicating an extrinsic offense by the defendant was relevant and its prejudicial effect did not outweigh its probative value. After again reviewing the Baltar testimony, and considering the supplemental filings, the colloquy of counsel and the district court on remand, the supplemental briefing before this court, and the trial court's certificate, we are constrained to hold that the trial judge did not abuse his discretion when he permitted the Baltar evidence on the extraneous offense. The requirements of Rule 404(b), as explicated in *Beechum,* weighed in light of Rule 403, are marginally satisfied. Accordingly, we now hold that the record contains no reversible error as to Count I and that conviction is AFFIRMED.