# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-KA-00941-SCT

*THOMAS L. FERRELL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/25/97 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BOYCE HOLLEMAN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHN |
| DISTRICT ATTORNEY: | RICHARD DOUGLASS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 2/25/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/12/99 |

**BEFORE PRATHER, C.J., McRAE AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. This appeal arose from a conviction in the Circuit Court of Pearl River County. Thomas Ferrell was charged with the murder, on November 19, 1996, of Jonathan Scott Watkins. Ferrell was indicted for murder on January 29, 1997. He was tried in Pearl River County Circuit Court and convicted of manslaughter in July, 1997. Circuit Court Judge R. I. Prichard, III, sentenced Ferrell to a term of twenty years, fifteen years to be served and the last five years suspended. Ferrell moved for a JNOV/New trial which was denied. Ferrell timely appealed listing the following seven issues:

**I. WHETHER JURY INSTRUCTION 7 WAS CONTRARY TO THE LAW AND PEREMPTORILY INSTRUCTED THE JURY THAT A PERSON MAY BE GUILTY OF MANSLAUGHTER OR JUSTIFIABLE HOMICIDE**

**II. WHETHER THE COURT ERRED IN GRANTING JURY INSTRUCTION 18 ON**

**THE GROUNDS THAT THE SAME WAS IMPROPER UPON THE FACTS OF THIS CASE AND IS AN IMPROPER STATEMENT OF THE LAW**

**III. WHETHER JURY INSTRUCTION 5 WAS CONTRARY TO THE LAW AND PROVIDED THE JURY WITH AN ERRONEOUS DEFINITION OF IN THE "HEAT OF PASSION"**

**IV. WHETHER THE COURT ERRED IN GRANTING JURY INSTRUCTION 8 ON THE GROUNDS THAT THE SAME WAS IMPROPER UPON THE POSITIVE TESTIMONY OF THE STATE'S OWN WITNESSES THAT THE DEFENDANT HAD BECOME A TRESPASSER AFTER BEING ASKED TO LEAVE THE PREMISES OF THE DEFENDANT AND REFUSING TO DO SO**

**V. WHETHER THE COURT ERRED IN GRANTING JURY INSTRUCTION 9 ON THE GROUNDS THAT THE SAME WAS IMPROPER UPON THE FACTS OF THIS CASE AND CLEAR LAW. FURTHER, THE SAME IS CONFUSING AND CONTRADICTORY TO THE FACTS AND DEFENDANT'S RIGHT OF SELF DEFENSE**

**VI. WHETHER THE COURT ERRED IN FAILING TO SUSTAIN THE DEFENDANT'S MOTION FOR DIRECTED VERDICT OF ACQUITTAL ON THE CHARGE OF MURDER AS SET FORTH IN THE INDICTMENT; THE COURT ERRED IN SUBMITTING THE ISSUE OF MURDER TO THE JURY; THE COURT ERRED IN SUBMITTING THE ISSUE OF MURDER AND ALTERNATIVE LY MANSLAUGHTER TO THE JURY ALLOWING A COMPROMISE VERDICT WHEN THE EVIDENCE AND LAW CLEARLY DID NOT SUPPORT A MURDER CHARGE; THE COURT ERRED IN GRANTING JURY INSTRUCTION 4 AND JURY INSTRUCTION 7 ON MURDER**

**VII. WHETHER THE VERDICT IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE; THE COURT ERRED IN FAILING TO GRANT JURY INSTRUCTION NO. D-1; THE FAILURE TO GRANT THE MOTION FOR A NEW TRIAL WAS ERROR; THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE**

## FACTS OF THE CASE

¶2. Tom and Jennifer Ferrell had an after-Halloween party Friday night, November 1, 1996. The shooting victim, Scotty Watkins, arrived around 7:00 or 8:00 p.m. accompanied by his girlfriend, Stacy Ladner. Watkins and Ladner had been invited to the party by Ferrell. Although versions of what happened after Watkins arrived differ somewhat, witness descriptions of the basic facts are the same.

¶3. By the time the party was fully underway, Ferrell, Watkins and most of the other guests were intoxicated to some degree. Several witnesses testified Watkins was very intoxicated and belligerent.

¶4. Deputy Sheriff Charles Clark went to Ferrell's house at 10:48 p.m. when neighbors called to complain about the party noise. Ferrell and Watkins met Clark's car when Clark drove up to the house. Clark stated Watkins was "extremely intoxicated" when he spoke with him. The shirtless Watkins staggered around and swayed back and forth by the deputy's car.

¶5. Not long after the deputy left, Ferrell had to break up a fight between Watkins and another guest. After the fight, Ferrell asked Watkins and the other guest to leave. Watkins refused, saying he was not going to leave the party until the keg was empty. Watkins also stated he was "going to kick Tom's [Ferrell's] ass." With his gun, Ferrell fired several "warning shots" into the floor and ceiling of his kitchen to frighten Watkins into leaving. Watkins continued to refuse to leave.

¶6. After Ferrell fired the shots, he and Watkins began to fight. The fight started in the kitchen and moved to the backyard. Two party guests pushed Ferrell and Watkins through the kitchen door and down the back steps. Very shortly after the two men hit the ground, Watkins was shot.

¶7. When the shot was fired, Ferrell was on the ground, either on his back or in a crouched position, holding the gun. Watkins was on top of him. Dr. Steven Hayne, the State's expert in forensic pathology, stated Watkins's wounds were consistent with someone who was shot from a distance of at least twelve inches away. He also stated Watkins had a blood alcohol content of between .21 and .33 when he died.

¶8. When Watkins was shot, he stood up and backed away from Ferrell. Ladner came into the backyard just after the shot was fired. She stated Watkins looked at her and said, "Baby, I can't believe he shot me." Watkins then fell to the ground. Efforts to resuscitate him failed, and he died.

## DISCUSSION OF LAW

¶9. Because our decision on Issue I is determinative and because Issues II through VII have no merit, we will only address Ferrell's first assignment of error.

### I. WHETHER JURY INSTRUCTION 7 WAS CONTRARY TO THE LAW AND PEREMPTORILY INSTRUCTED THE JURY THAT A PERSON MAY BE GUILTY OF MANSLAUGHTER OR JUSTIFIABLE HOMICIDE

¶10. Ferrell argues the trial judge erred in submitting Instruction 7 to the jury. He contends the instruction was peremptory because it directed the jury to find Ferrell guilty of either manslaughter or murder and precluded a finding of justifiable homicide. Ferrell's argument is well taken, and on this issue we reverse and remand for a new trial.

¶11. Instruction 7 as submitted to the jury reads:

The Court instructs the jury that a person may be guilty only of manslaughter or justifiable homicide when killing another even though the accused is angry and is bearing ill will toward his adversary at the time of the killing, if the killing is done while resisting an attempt of the deceased to do any unlawful act, or immediately after such attempt shall have failed, if such anger or ill will is brought about by the particular circumstances of the unlawful act then being attempted, or the commission of which is then thwarted, and the ill will is nonexistent prior to the unlawful act. Therefore, if you find from the evidence and testimony presented that the deceased Jonathan Watkins had, at the time of the killing, become a trespasser in the defendant's home and had refused to leave, and that the defendant did not possess the deliberate design to kill the decedent prior to the decedent's becoming a trespasser, but that the defendant killed the deceased either while attempting to resist the deceased's unlawful trespass or as an immediate result thereof, then you may not find the defendant guilty of murder, but should consider only the lesser-included offense of manslaughter.

¶12. Much of the language in Instruction 7 is taken from this Court's decision in ***Bangren v. State***, 196 Miss. 887, 897 17 So. 2d 599, 600 (1944):

> A person may be guilty only of manslaughter or justifiable homicide when slaying another even though the accused is mad and is bearing ill will toward his adversary at the time of the killing, if the act is done while resisting an attempt of the latter to do any unlawful act, or after such attempt shall have failed, if such anger or ill will is engendered by the particular circumstances of the unlawful act then being attempted, or the commission of which is then thwarted, and is nonexistent prior thereto. Each case must depend upon its own facts and circumstances. . . .

¶13. The key difference between the language in ***Bangren*** and the language in Instruction 7 is the last phrase in Instruction 7 which instructs the jury to find the defendant guilty of manslaughter if it finds Ferrell killed Watkins while resisting Watkins's unlawful trespass. This phrase prevented the jury from returning a finding of justifiable homicide and left it with the choice of either murder or manslaughter.

¶14. Ferrell also argues the language from ***Bangren*** quoted in Instruction 7 is confusing and in conflict with established law. In ***Bangren***, the Court used the phrase, "A person may be guilty only of manslaughter or justifiable homicide." ***Bangren***, 198 Miss. at 897, 17 So. 2d at 600. The use of this language gives the impression that justifiable homicide, like manslaughter, is a crime that is in some way punishable upon a finding of guilt. It is not. *See* Miss Code Ann. § 97-3-15 (Supp. 1994)

> [O]ur law provides that the killing of a human being is not unlawful when committed in the defense of one's own person where there be reasonable grounds to apprehend a design on the part of the person killed to do some great personal injury and coupled with imminent danger of such design being accomplished. Miss. Code Ann. § 97-3-15(f) (Supp. 1984). Such a killing is in our law labeled justifiable homicide and is not punishable.

***Burge v. State***, 472 So. 2d 392, 395 (Miss. 1985).

¶15. No jury should be instructed that a person may be found guilty of justifiable homicide. To the extent we have approved this language in prior cases, *see* ***Smith v. State***, 463 So. 2d 1028, 1030 (Miss. 1984); ***Colvin v. State***, 431 So. 2d 1134, 1136 (Miss. 1983); ***Harrell v. State***, 218 So. 2d 883, 886 (Miss. 1969); ***Bangren v. State***, 196 Miss. 887, 897, 17 So. 2d 599, 600 (1944), those cases are overruled.

## CONCLUSION

¶16. We reverse and remand for a new trial because jury Instruction 7 was improper. Instruction 7 did not adequately distinguish between manslaughter and justifiable homicide. Instruction 7 was also peremptory because it directed the jury to find either murder or manslaughter and did not allow for a finding of justifiable homicide. Accordingly, we reverse the judgment of the Pearl River County Circuit Court and remand this case for a new trial consistent with this opinion.

¶17. **REVERSED AND REMANDED FOR NEW TRIAL CONSISTENT WITH THIS OPINION.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS AND McRAE, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS**

**AND MILLS, JJ.**

**SMITH, JUSTICE, DISSENTING:**

¶18. The majority holds that the trial judge erred in submitting Instruction 7 to the jury because the instruction directed the jury to find Ferrell guilty of either manslaughter or murder and precluded a finding of justifiable homicide. I disagree and accordingly dissent.

¶19. First, Ferrell only objected to Instruction 7 as being peremptory on manslaughter at trial. He failed to raise specific complaints that the jury was not given the option of considering murder or justifiable homicide. The failure to raise the specific objections now claimed should act as a bar to this Court's consideration. In *Oates v. State*, 421 So. 2d 1025, 1030 (Miss. 1982) (*citing Collins v. State*, 368 So. 2d 212 (Miss. 1979)), this Court stated, "Errors based on the granting of an instruction will not be considered on appeal unless specific objections stating the grounds are made in the trial court." *Id.* Additionally, Ferrell failed to raise specific objections to some issues that he raises now for the first time. He is thus barred. *Ballenger v. State*, 667 So.2d 1242, 1252 (Miss. 1995); *Billiot v. State*, 454 So. 2d 445, 462 (Miss. 1984). The trial court will not be placed in error on an issue not placed before it. *Shavers v. State*, 455 So. 2d 1299, 1302 (Miss. 1984) (*citing Ponder v. State*, 335 So.2d 885 (Miss.1976)).

¶20. Second, if all of the instructions of law are considered and read in conjuction with each other, and not in isolation, this jury was properly instructed regarding murder, manslaughter, accident, self-defense and justifiable homicide. Instruction 7 must be read in its entirety and considered when looking at all other instructions as a whole. *Mackbee v. State*, 575 So.2d 16, 34 (Miss.1990); *Jackson v. Griffin*, 390 So.2d 287, 290 (Miss.1980); *Alexander v. State*, 250 So.2d 629, 632 (Miss.1971). Furthermore, a court's jury instructions "will not warrant reversal if the jury was fully and fairly instructed by other instructions." *Collins v. State*, 594 So.2d 29, 35 (Miss.1992); *Laney v. State*, 486 So.2d 1242, 1246 (Miss.1986); *Williams v. State*, 667 So.2d 15, 24 (Miss.1996).

¶21. An examination of each of the applicable instructions is thus warranted. In so doing, we note that Jury Instruction 10 advised the jury of the nature of self defense. Jury Instruction 4 advised the jury of the elements of deliberate design murder. Instruction S-2 instructed the jury regarding manslaughter, without malice and in the heat of passion. Instruction S-3 instructed the jury concerning the elements of trespass. Instruction D-19 instructed the jury regarding Ferrell's right to use reasonable force to eject the victim from his home. Instruction 18 defined accident. Ferrell claims that Instruction 7 conflicts with Instruction 18 because no burden of proof was included. However, Instruction 19 instructed the jury regarding murder and manslaughter as requiring proof by the State of evidence beyond a reasonable doubt. Ferrell claims that the accident instruction is confusing, but he failed to offer any alternatively language, or a different instruction. Ferrell also claims that Instruction 7 is in conflict with Instruction 13, an instruction which Ferrell himself tendered to the court. Ferrell appears to be claiming the the jury was not presented with a self defense instruction. This completely ignores that Instruction 10 covered the theory of self defense. Considering all of the jury instructions as a whole, this jury was properly instructed as to deliberate design

murder, manslaughter, or a verdict of not guilty. The jury chose manslaughter.

¶22. I respectfully dissent.

**ROBERTS AND MILLS, JJ., JOIN THIS OPINION.**