THOMAS, J.,
for the Court:
¶ 1. Willie Easley appeals his conviction on two charges of sale of cocaine and one charge of possession of cocaine with intent to deliver, raising the following issues as error:
I. THE DEFENSE WAS NOT GIVEN ADEQUATE TIME TO COMPEL NECESSARY WITNESSES TO APPEAR, THIS SUBSEQUENTLY PREJUDICED THE DEFENDANT.
II. THE CONFIDENTIAL INFORMANT WAS NOT RELIABLE AND SHOULD NOT HAVE BEEN ALLOWED TO TESTIFY.
III. THE DEFENDANT DID NOT AGREE TO CONSOLIDATE ALL *823 THREE CASES, THUS THEY SHOULD HAVE BEEN TRIED SEPARATELY.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On both January 7, 1997 and January 28, 1997, Agent Stanley Wash of the Mississippi Bureau of Narcotics along with Robert Pollard, a confidential informant, purchased crack cocaine from Willie Eas-ley. Before each buy Pollard was searched as was his vehicle, and a body wire was attached to Wash. Pollard arranged the meetings for both buys, but Wash actually handed the money to Easley and received the cocaine himself.
¶ 4. On April 16, 1997, another buy took place, this time with Agent L.C. Cheeks of the Mississippi Bureau of Narcotics accompanying Pollard. However, on this buy Cheeks stayed in the car as Pollard purchased the cocaine. Pollard and his vehicle were searched before the buy, and Pollard was fixed with a body wire. Pollard purchased the cocaine which was immediately turned over to the agents involved. After the sale, Easley’s residence was secured by agents of the Mississippi Bureau of Narcotics. After obtaining permission, Easley’s home was searched and a quantity of cocaine found.
¶ 5. Easley was indicted on two charges of sale of cocaine and one charge of possession of cocaine with intent to deliver. By agreed order all three eases were consolidated and tried together. After deliberations, the jury returned a verdict of guilty on all three charges. Aggrieved, Easley perfected this appeal.
ANALYSIS
I.
THE DEFENSE WAS NOT GIVEN ADEQUATE TIME TO COMPEL NECESSARY WITNESSES TO APPEAR, THIS SUBSEQUENTLY PREJUDICED THE DEFENDANT.
¶ 6. Easley argues that his defense counsel was informed the day before trial that the case would not be tried the next day. Believing the case to be continued, Easley claims his counsel had him appear at the courthouse merely to sign an order of continuance. Upon arriving at the courthouse, Easley was informed that he would go to trial that day. Consequently, Easley argues that he did not have his witnesses appear in court. Therefore, Easley maintains that his conviction should be set aside.
¶ 7. Miss.Code. Ann. § 99-15-29 (Rev.1994) provides that a court “may grant or deny a continuance, in its discretion,” and that a denial of a continuance “shall not be grounds for reversal unless the Supreme Court shall be satisfied that injustice resulted therefrom.” In order for us to reverse, White must show that a manifest injustice resulted from the denial of the continuance. Lambert v. State, 654 So.2d 17, 22 (Miss.1995). We hold the trial court did not abuse its discretion in this instance.
¶ 8. The record clearly indicates that Easley was aware of the date of trial for two and a half months. Furthermore, the record indicates that Easley’s trial was designated as “first out” two weeks before trial. Easley was told the day before trial that his case may be preempted by another case but it was not a certainty. Also, Easley did not proffer at trial nor on appeal any additional witnesses nor did he attempt to delineate their testimony. Eas-ley merely stated to the trial judge that his witnesses were not in court as he was told by his attorney that the case would be continued. Under such circumstances it was not an abuse of discretion for the trial judge to deny Easley’s request for a continuance. Moreover, Easley has not shown that a “manifest injustice” has resulted from this denial. The record shows that Easley did in fact offer Amy Trussell as a witness for the defense. This assignment of error is without merit.
*824 II.
THE CONFIDENTIAL INFORMANT WAS NOT RELIABLE AND SHOULD NOT HAVE BEEN ALLOWED TO TESTIFY.
¶ 9. Easley argues that Pollard was a drug supplier and user. Easley complains that it was Pollard who was supplying drugs to him to sell. Easley points to the State’s own witness called in rebuttal, Wykemia DuBose, who testified that Pollard was Easley’s “boss man,” and Easley was selling drugs for Pollard. Accordingly, Easley argues Pollard’s testimony should have been ruled inadmissable or unreliable.
¶ 10. Easley did not raise this issue at trial. Easley neither objected to Pollard’s testimony when he actually took the stand nor did he object to his testimony in his motion for new trial. Failure to raise an issue at trial results in a procedural bar on appeal as the trial court will not be held in error on an issue not placed before it. Ferrell v. State, 733 So.2d 788 (¶ 19) (Miss.1999).
¶ 11. Without waiving the procedural bar, this issue is without merit. Testimony from the agents present when each of the buys took place showed that Pollard was searched before each buy. On each buy the transaction was recorded. The record further shows that Pollard had worked as a confidential informant on some fifty cases. Pollard’s testimony was properly admitted.
III.
THE DEFENDANT DID NOT AGREE TO CONSOLIDATE ALL THREE CASES, THUS THEY SHOULD HAVE BEEN TRIED SEPARATELY.
¶ 12. Easley complains that there was a motion to consolidate all three cases but that it was signed by only his defense attorney and the district attorney’s office and not by him. Easley argues that Mississippi law clearly states there cannot be a consolidation of cases without the defendant’s consent and agreement. Therefore, Easley argues the three cases should have been tried separately.
¶ 13. Easley cites no legal authority under this assignment. Easley has not .properly presented this issue on appeal; therefore, it is waived. Holloman v. State, 656 So.2d 1134, 1141 (Miss.1995). Without waiving the procedural bar, this issue is without merit. Easley is correct in that the agreed order was not signed by him. However, the record reflects that the trial judge specifically stated that there could be no consolidation of the three cases without the consent and agreement of the defendant. In response to this statement, Easley’s trial counsel said there was an agreement. We hold that Easley in fact agreed to the consolidation of all three cases.
¶ 14. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT OF CONVICTION ON CAUSE #395-97, POSSESSION OF COCAINE WITH INTENT TO DELIVER, AND SENTENCE OF THIRTY (30) YEARS WITH FIVE YEARS SUSPENDED, AND FIVE (5) YEARS REPORTING PROBATION, TO RUN CONCURRENTLY WITH SENTENCES IN CAUSE # 393-97 AND CAUSE# 394-97, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND PAYNE, JJ., CONCUR.