THOMAS, J.,
for the Court:
¶ 1. Carnell Jackson was convicted of murder in the Circuit Court of Winston County, Mississippi and was sentenced to life in the custody of the Mississippi Department of Corrections. Jackson appeals on the following grounds
I. THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
II. THE TRIAL COURT ERRED IN GRANTING STATE’S JURY INSTRUCTION S-l.
¶ 2. Finding no merit in the issues raised, we affirm the judgment and sentence of the trial court.
FACTS
¶ 3. Carnell Jackson, the appellant, and David Cleveland Ball, the deceased, both resided in the Hinds community. They were friends and- first cousins that had known each other for several years. On May 4, 1996 they had been socializing together most of the day when they witnessed a fight along the side of the road. While they were watching the fight, an argument about who would win if they ever fought each other developed. The two eventually went their separate ways. However, a short time later the two ended up at the same place, James Carter’s home. Several people were there having a get together and planning a barbeque. Several witnesses testified that an argument between Ball and Jackson ensued, allegedly a rekindling of the previous argument.
¶ 4. Florence Carter, Terry Carter, Dar-rie Carter and Lorraine Cleveland all testified that Ball did not have a weapon and was standing next to his mother, approximately four or more feet away from Jackson, about to turn and go into the house when Jackson shot him. Florence Carter and Terry Carter also testified that they saw Jackson remove a gun from his car and fire one shot in the direction of Ball after Ball told Jackson to leave the premises. Ball received a wound in his left shoulder which resulted in his death. Jackson was seen leaving the scene shortly after the shooting and was later pulled over by a police officer in Flowood, Mississippi, some ninety miles from the incident. Jackson was apprehended, and the murder weapon was found on the floorboard of his vehicle.
¶ 5. Jackson testified and claimed he was acting in self-defense.
ANALYSIS
I. THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
¶ 6. Jackson asserts that the verdict was against the overwhelming weight and sufficiency of the evidence. Motions for a directed verdict or a judgment notwithstanding the verdict challenge the legal sufficiency of the evidence supporting the guilty verdict whereas motions for a new trial claim that the jury verdict contradicts the overwhelming weight of the evidence. McClain v. State, 625 So.2d 774, *47 778 (Miss.1993). Thus, these require two separate analysis.
¶ 7. When the legal sufficiency of the evidence is challenged we will not retry the facts but take the view of the evidence most favorable to the State and must assume that the fact finder believed the State’s witnesses and disbelieved any contradictory evidence. Id. Thus our scope of review is limited, and we will not reverse unless “reasonable and fair-minded jurors could only find the accused not guilty.” Id. (citing Wetz v. State, 503 So.2d 803, 808 (Miss.1987) (emphasis added)). In reviewing the evidence, we find that it supports the verdict of the jury.
¶ 8. A motion for a new trial was denied by the trial court. A motion for new trial tests the weight rather than the sufficiency of the evidence. The trial judge should set aside a jury verdict and order a new trial only when “the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice.” Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). In light of the record before us the jury’s verdict was not contrary to the evidence.
II. THE TRIAL COURT ERRED IN GRANTING STATE’S JURY INSTRUCTION S-l.
¶ 9. This assignment of error is proeedurally barred because there was no objection to the jury instructions at trial or in the motion for a new trial. “A trial judge will not be found in error on a matter not presented to him for decision.” Gray v. State, 728 So.2d 36, 70 (Miss.l998)(eiting Jones v. State, 606 So.2d 1051, 1058 (Miss.1992)). The Mississippi Supreme Court has held specifically that “[ejrrors based on the granting of an instruction will not be considered on appeal unless specific objections stating the grounds are made in the trial court.” Oates v. State, 421 So.2d 1025, 1030 (Miss. 1982) (citing Collins v. State, 368 So.2d 212 (Miss.1979)).
¶ 10. Furthermore, on the merits S-l is a standard instruction setting forth the elements of the crime, and the trial judge was not erroneous in granting it.
¶ 11. THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND PAYNE, JJ„ CONCUR.