777 So.2d 673 (2000)
Everett RODGERS a/k/a Everett F. Rodgers, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00022-COA.
Court of Appeals of Mississippi.
September 19, 2000.
Rehearing Denied November 28, 2000.
*674 Dan W. Duggan, Jr., Brandon, Attorney for Appellant.
Office of the Attorney General by Dewitt T. Allred, III, Jackson, Attorney for Appellee.
BEFORE McMILLIN, C.J., IRVING, AND MOORE, JJ.
IRVING, J., for the Court:
¶ 1. Everett Rodgers was indicted for one count of murder and one count of aggravated assault. He was found guilty of murder and aggravated assault following his first trial; however, the conviction was reversed and remanded by this Court. After remand, the Circuit Court of Yazoo County entered an order changing the venue to Madison County. A second trial resulted in a jury verdict of guilty of manslaughter and aggravated assault.
¶ 2. Rodgers prosecutes this appeal of his convictions following the denial of his motion for JNOV and new trial. The following assignments of error are taken verbatim from his appeal brief:
ISSUE ONE:
THE TRIAL COURT ERRED BY ALLOWING THE INTRODUCTION OF IMPROPER CHARACTER EVIDENCE REGARDING OTHER BAD ACTS OF THE DEFENDANT.
ISSUE TWO:
THE TRIAL COURT ERRED BY DENYING DEFENSE INSTRUCTION D-5, A TESTIMONY IMPEACHMENT INSTRUCTION.
ISSUE THREE:
THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
Finding no reversible error, we affirm Rodgers's convictions.

FACTS
¶ 3. On March 7, 1993, Fred Horne and Wayne Rayborn were walking along Horne's property line which bordered the property of Carol Brown. Horne testified that there had been problems with sewage coming from Brown's property onto his property and that he and Rayborn were out there checking for any signs of additional sewage spillage. Horne said that while he and Rayborn walked along the gravel road around Brown's property, he first saw Brown outside on her property, then he saw Everett Rodgers, who lived with Brown. According to Horne, words were exchanged between the men, and Rodgers began firing his shotgun at Horne and Rayborn, hitting both of them. Horne testified that he had a nine millimeter weapon with him which he attempted to use after he and Rayborn were fired upon but was unable to load it. Horne denied that Rayborn had a weapon.
*675 ¶ 4. Rodgers testified that Horne and Rayborn had guns and were "hollering and cursing" and coming up the hill toward him with their guns drawn. Rodgers further testified that he then got his shotgun out of his truck and after telling them to stop, loaded it and began shooting. Rodgers admitted to firing four shots. Horne suffered injuries to his head and an eye. Rayborn died from wounds to his chest and abdomen.
¶ 5. During the trial, Horne and his wife, over objection of the defense, were allowed to give testimony about an incident involving Rodgers that occurred at a time when the Horne's youngest son, who was ten at the time of the trial in 1998, was celebrating his second birthday. This incident occurred approximately two and one-half years before the incident for which Rodgers was being tried. The story, as told by the Hornes, was that during the birthday party, two young men from the Brown/Rodgers residence were riding their three-wheelers in front of the Horne residence in a reckless and dangerous manner, and the Hornes called the sheriff. Fred Horne told the jury that the sheriff came and issued a ticket and shortly thereafter Rodgers rode to the Horne's residence on a three-wheeler and made threats to harm them and burn their home. Then, according to Horne, Rodgers went back to his and Brown's home and retrieved a shotgun which he used to fire into the yard, full of children and adults at the birthday party. Rodgers offered evidence through the testimonies of six different individuals of six different incidents wherein either Horne or Rayborn exhibited aggression and used guns to intimidate people in the past.

ANALYSIS OF ISSUES PRESENTED

1. Evidence of other bad acts
¶ 6. In his appellate brief, Rodgers argues that evidence of the birthday party incident was evidence of another bad act or crime and that the trial court erred by allowing the prosecution to introduce it in violation of Mississippi Rules of Evidence 404(b). He claims that his defense was highly prejudiced by the admission of this evidence. A review of the record, however, reveals the following objection by Rodgers's counsel: "There was a birthday party and I don't know how far prior to this, but we would object on remote [sic] or something. We don't think it's relevant to this issue." As revealed by the text of the objection, Rodgers was aiming at the remoteness of the evidence rather than at its nature as a prior bad act. A prior bad act otherwise admissible under M.R.E. 404(b) is not made inadmissible per se because of remoteness although remoteness may be a factor considered by the trial judge in an M.R.E. 403 analysis of the prejudicial effect versus the probative value.
¶ 7. This evidence was admissible to prove motive, i.e., that Rodgers may have had a reason to shoot at Horne and Rayborn, even without provocation, because he wanted to settle the score with Horne over the Hornes' having called the sheriff during the birthday party incident. Evidence of motive is one of the exceptions to the other acts or wrongs proscription of M.R.E. 404(b).
¶ 8. The Mississippi Supreme Court has instructed that "whenever 404(b) evidence is offered and there is an objection which is overruled, the objection shall be deemed an invocation of the right to MRE 403 balancing analysis and a limiting instruction." Smith v. State, 656 So.2d 95, 100 (Miss.1995). However, based on Rodgers's objection, we cannot say that the trial judge was put on notice that Rodgers was making a 404(b) objection. It is well-settled law that "objections to the admissibility of evidence must specifically state the grounds, otherwise the objection is waived." Oates v. State, 421 So.2d 1025, 1030 (Miss.1982). Further, "objection on one ground at trial waives all other grounds on appeal." Lester v. State, 692 So.2d 755, 772 (Miss.1997). Also, the law is equally well settled in Mississippi that *676 appellate courts will not put trial courts in error for issues not first presented to the trial court for resolution, and that issues not presented in the trial court cannot be first argued on appeal. Chassaniol v. Bank of Kilmichael, 626 So.2d 127, 133-34 (Miss.1993). See also Seaney v. Seaney, 218 So.2d 5 (Miss.1969); A.H. George And Co. v. Louisville & N.R. Co., 88 Miss. 306, 40 So. 486 (1906).
¶ 9. Though Rodgers attempted in his post-trial motion to raise with greater clarity what he now argues as his 404(b) objection, it was simply too late at that time. In Barnett v. State, 725 So.2d 797, 801 (Miss.1998), the Mississippi Supreme Court had this to say concerning the necessity of timely objection at trial even when the issue must also be raised in post-trial motions:
While certain issues are required to be raised in a motion for new trial, raising objections there which should have been made at trial has never been thought to cure the failure to object at the proper time. Objections to jury instructions made after the jury has returned a verdict and been discharged is simply too late.
We therefore conclude that this issue is procedurally barred.

2. Jury instruction D-5
¶ 10. Rodgers's argues that the trial court erred in refusing his proffered instruction D-5 regarding the impeachment of Horne and Horne's neighbor, Jerry Martin, for their alleged inconsistent statements. Rodgers claims that the refusal of this "timely requested and correctly phrased jury instruction on a genuine issue of material fact" was improper and denied him a fair trial. Instruction D-5 reads as follows:
The testimony of a witness or witnesses may be discredited or impeached by showing that on a prior occasion they may have made a statement which is now inconsistent with or contradictory to their testimony in this case. In order to have this effect, the inconsistent or contradictory prior statement must involve a matter which is material to the issues in this case.
The prior statement of the witness or witnesses can be considered by you only for the purpose of determining the weight or believability that you give to the testimony of the witness or witnesses that made them. You may not consider the prior statement as proving the guilt or innocence of the defendant.
¶ 11. Rodgers claims that Horne gave inconsistent statements regarding the number of shots fired during the shooting. He also alleges that Horne's neighbor, Jerry Martin, was impeached with testimony from a prior hearing as to the pattern of shots fired. We have examined the record and find no evidence of any inconsistencies regarding these matters.
¶ 12. Instructions must be supported by the evidence. Even though an instruction may embody a correct statement of the law on a particular issue, if it is not warranted by the evidence, it should not be given. Jury instructions are to be read together and taken as a whole with no one instruction taken out of context. Mackbee v. State, 575 So.2d 16, 34 (Miss. 1990); Jackson v. Griffin, 390 So.2d 287, 290 (Miss.1980); Alexander v. State, 250 So.2d 629, 632 (Miss.1971); see also Murphy v. State, 566 So.2d 1201, 1207 (Miss. 1990). A defendant is entitled to have jury instructions given which present his theory of the case, Murphy, 566 So.2d at 1206; Young v. State, 451 So.2d 208, 210 (Miss. 1984); however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence. Murphy, 566 So.2d at 1206; United States v. Robinson, 700 F.2d 205, 211 (5th Cir.1983), appeal after remand, 713 F.2d 110 (1983). Since we find that there was no evidence to support the requested instruction, we hold that the trial court did not err in refusing it.

*677 3. The weight of the evidence

¶ 13. Rodgers claims that the trial court erred in failing to grant his motion for new trial as the verdict is contrary to the weight of the evidence. He argues that given the testimony which favored self-defense, the verdict was against the weight of the evidence, and the trial court abused its discretion in denying the motion for new trial. This, he contends, resulted in an unconscionable injustice.
¶ 14. Our standard of review regarding a motion for new trial is stated in McClain v. State, 625 So.2d 774 (Miss. 1993). Matters regarding the weight and credibility of the evidence are to be resolved by the jury. Id. at 778 "[T]he challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion ... New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. We reverse only for abuse of discretion, and on review we accept as true all evidence favorable to the State." Id. at 881.
¶ 15. Accepting as true all evidence favorable to the State in the case sub judice, we find no abuse of discretion in the trial court's denial of Rodgers's motion for a new trial, nor do we find that the verdict created an unconscionable injustice. This issue has no merit.
¶ 16. THE JUDGMENT OF THE YAZOO COUNTY CIRCUIT COURT ON CHANGE OF VENUE TO MADISON COUNTY OF CONVICTION ON COUNT I OF MANSLAUGHTER AND SENTENCE OF TWENTY (20) YEARS; COUNT II OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN (15) YEARS WITH SAID SENTENCE TO RUN CONSECUTIVE TO THE SENTENCE IN COUNT I FOR A TOTAL OF THIRTY-FIVE (35) YEARS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.