953 So.2d 1117 (2006)
Tracy DIXON and Jerry Ford a/k/a Jerry Lee Ford, Appellants
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01582-COA.
Court of Appeals of Mississippi.
June 6, 2006.
Rehearing Denied November 14, 2006.
*1118 Glenn S. Swartzfager, Jackson, attorney for appellants.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
*1119 EN BANC.
BARNES, J., for the Court.
¶ 1. Appellants Tracy Dixon and Jerry Ford were convicted in the Circuit Court of Sunflower County of possession of cocaine with intent to distribute. Both were sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of $500,000. Finding no error in the proceedings below, we affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On August 22, 2003, authorities with the Indianola Police Department received a tip that Jerry Ford and Tracy Dixon were leaving Ford's residence in a blue Mazda and that they would be carrying illegal drugs. Officer Ronald Ragon, driving in a marked patrol car, spotted the blue Mazda and turned on his blue lights in order to pull the car over. Upon stopping the Mazda, Officer Ragon was joined by a patrol car containing officers Edrick Hall and Tony Cooper. When the second patrol car arrived, the three occupants of the MazdaFord, Dixon, and Markeita Echolsexited the car and fled on foot. Officer Edrick Hall began a foot pursuit of Ford, while Cooper pursued Dixon on foot.
¶ 3. Officer Hall testified that, while he was pursuing Ford, Ford fell when he attempted to jump over a row of hedges. Hall testified that at this point, he observed Ford tossing an object from his body onto the ground nearby. Hall testified that before he ultimately apprehended Ford, Ford stopped and bent down in a wooded area. After securing Ford, Hall returned to the area where he saw Ford throw the object, and recovered a package containing what later proved to be thirteen or fourteen individually wrapped rocks of crack cocaine. Testimony by Theresa Hickmon of the Mississippi Crime Laboratory established that the cocaine weighed a total of 13.5 grams. Hall testified that the cocaine had a street value of approximately $1,400; furthermore, both Hall and Cooper testified that the packaging of the cocaine indicated an intent to distribute. The next morning, Hall returned to the wooded area where he saw Ford stop and bend over, and there Hall found $1,521 in cash. Hall testified that the serial number on one of the $100 bills recovered from the wooded area matched that of a bill used by a confidential informant to purchase drugs from Ford during the morning of August 22.
¶ 4. Officer Cooper testified that, during his lengthy pursuit of Dixon, he saw Dixon throw a small, white object to the ground. After apprehending Dixon, Cooper immediately revisited the area where he saw Dixon throw the object. Cooper testified that he recovered a small aspirin bottle containing approximately seventy-five small rocks of crack cocaine, and, furthermore, that the cocaine was valued at about $100 per gram. According to Hickmon's testimony, the bottle contained 6.5 grams of cocaine.
¶ 5. Dixon and Ford were convicted for possession of twenty grams of cocaine with intent to distribute. Each was sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of $500,000. On appeal, Dixon and Ford claim several errors, none of which we find to have merit.

ISSUES AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN ALLOWING TESTIMONY REGARDING THE UNDERCOVER PURCHASE.
¶ 6. During its case-in-chief, the State sought to elicit information from Officer *1120 Hall about an undercover drug purchase made at Ford's residence on the morning of August 22, 2003. When, under direct examination, Hall was asked "what initially happened that morning," defense counsel immediately objected and asked for a bench conference. At the bench conference, defense counsel stated that he "would object to anything [regarding the sale] unless that sale took place within [Hall's] personal knowledge." Defense counsel's objection was sustained by the trial court, but later on direct examination, Hall testified to the following:
Q: All right. Did any of the numbers [on the $100 bill recovered from the wooded area] match any numbers you had before?
A: Yes.
Q: And what was the denomination of that bill?
A: A $100 bill.
Q: And where had you seen this $100 bill before?
A: It was official funds of the Indianola Police Department that was distributed to me by the police chief.
Q: And again, what did youwhen you initially had that $100 bill, what did youwhat was the purpose?
A: That $100 bill was given to a confidential informant to make a controlled buy.
. . . .
Q: Who did you get that bill from?
A: When was it recovered?
Q: Yes?
A: I recovered it from the wood line with the rest of the currency, the same wood line I saw Mr. Jerry Ford in.
Defense counsel failed to object to this line of questioning.
¶ 7. On appeal, the appellants claim that the prosecution's reference to the undercover sale on the morning of August 22 was evidence of another bad act or crime, introduced in violation of Rule 404(b) of the Mississippi Rules of Evidence. Ford and Dixon claim that the trial court abused its discretion in allowing this testimony, and that it further erred by failing to conduct an on-the-record balancing analysis pursuant to M.R.E. 403. Lastly, the appellants argue that the trial court erred in allowing a defective limiting instruction.
¶ 8. "Evidentiary rulings are within the broad discretion of the trial court and will not be reversed absent an abuse of discretion." Dobbs v. State, 726 So.2d 1267, 1274(¶ 25) (Miss.Ct.App.1998). The Mississippi Supreme Court has ruled that "whenever 404(b) evidence is offered and there is an objection which is overruled, the objection shall be deemed an invocation of the right to MRE 403 balancing analysis and a limiting instruction." Rodgers v. State, 777 So.2d 673, 675(¶ 6) (Miss. Ct.App.2000). However, we do not find in the present case that the trial court was on notice that the defendants were making a Rule 404(b) objection. When the prosecution first broached the topic of the undercover sale, defense counsel objected to evidence of the sale only on the ground that it was not within Officer Hall's personal knowledge. In fact, at the bench conference following the defendants' objection, defense counsel stated that "[Hall] can testify that he saw [the sale] take place, anything like that."
¶ 9. It is well-settled that objections to the admissibility of evidence must be contemporaneous and specifically stated. See, e.g., Spicer v. State, 921 So.2d 292, 305(¶ 22) (Miss.2006). Furthermore, this Court will not put a trial court in error for an issue not first presented to the trial court for resolution. Brown v. State, 920 *1121 So.2d 1037, 1038(¶ 6) (Miss.Ct.App.2005). Because Ford and Dixon failed to make a timely, specific objection on 404(b) grounds, this issue is not properly before this Court on appeal, as it is procedurally barred.
¶ 10. Additionally, Ford and Dixon claim that a limiting instruction given by the trial court was defective. While defense counsel objected to the initial draft of the instruction, an amended instruction was given to the jury. As to the revised instruction, defense counsel explicitly stated that he had no objection to the instruction. As there was no objection to the amended instruction, this issue is also procedurally barred.
II. WHETHER THE TRIAL COURT ERRED IN ALLOWING OFFICERS HALL AND COOPER TO TESTIFY AS TO THE VALUE AND PACKAGING OF THE COCAINE.
¶ 11. Under direct examination by the State, both Hall and Cooper testified to the value of the cocaine taken from Ford and Dixon; additionally, both testified that the packaging of the cocaine abandoned by Ford indicated an intent to sell. When Hall was asked whether he knew the value of the cocaine in question, defense counsel objected on the ground of relevance, and the objection was overruled by the trial court. On appeal, Ford and Dixon claim that the trial court erred in allowing Hall and Cooper to testify to the value and packaging of the cocaine without first being qualified as expert witnesses.
¶ 12. It is clear from the record that this issue is not properly before the Court, as it was not preserved by a specific objection. At trial, defense counsel did not object to Hall and Cooper testifying as expert witnesses, but rather objected on the ground of relevance. As stated supra, by failing to make a specific objection, Ford and Dixon waived this issue on appeal. This issue is procedurally barred.
III. WHETHER THE VERDICT WAS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
¶ 13. When reviewing the denial of a motion for new trial based on an objection to the weight of the evidence, this Court will only reverse a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss.2005). In making our determination, this Court is required to view the evidence in the light most favorable to the verdict; we will grant a new trial "only in exceptional cases in which the evidence preponderates heavily against the verdict." Id. However, in considering whether the evidence is legally sufficient to sustain a conviction in the face of a motion for JNOV, our inquiry is "whether the evidence shows `beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed.'" Id. at 843(¶ 16) (quoting Carr v. State, 208 So.2d 886, 889 (Miss. 1968)). The critical question in dealing with such an issue is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (emphasis added). We will deem the evidence sufficient if the evidence against the defendant is such that "reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense." Id.
*1122 ¶ 14. In this case, the defendants were convicted pursuant to section 41-29-139(a)(1) (Rev.2001) of the Mississippi Code, which prohibits, among other things, possession of a controlled substance with intent to distribute that substance. In order to sustain the convictions at issue, we must, while viewing the evidence in the light most favorable to the State, determine whether the prosecution proved beyond a reasonable doubt that both Ford and Dixon possessed the cocaine in question, and that they intended to distribute it as well. We find that the State did meet its burden of proof in this case.
¶ 15. While the appellants assert in their briefs that "it was physically and legally impossible for both Dixon and Ford to each possess twenty grams of cocaine as alleged in the indictment," this statement is erroneous. As restated in Fox v. State, 756 So.2d 753, 758(¶ 14) (Miss.2000):
What constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of "possession" is a question which is not susceptible of a specific rule. However, there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual or physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.
Looking to the evidence in the light most favorable to the State, we find that there is sufficient evidence to support the jury's verdict that Ford and Dixon were in constructive possession of the entire twenty grams of cocaine in question. It is clear from the evidence presented that both defendants were aware of the presence and character of the cocaine while in the car together, and that Ford and Dixon were intentionally in possession of the cocaine. While neither party had actual, physical possession of the entire twenty grams, the facts of this case suggest that Ford and Dixon intended to possess the entire amount in order to distribute it.
¶ 16. As to the issue of intent, we also find that the State put forth sufficient evidence to prove this element of the crime. The State produced evidence that one of the defendants sold cocaine to an informant on the day of the crime; furthermore, a $100 bill used in that sale was found in the stack of money left by Ford in the wooded area. Also indicative of intent was the individual packaging of the cocaine abandoned by Ford, and the uniform size of the seventy-five rocks abandoned by Dixon. See Fox, 756 So.2d at 759(¶ 19). While it is true that the evidence of Dixon's intent was not as strong as the evidence against Ford, we find that the facts of this case reasonably suggest that Dixon intended to distribute the cocaine with Ford.
¶ 17. Lastly, regarding the weight of the evidence against Ford and Dixon, we cannot find that the verdict was so contrary to the overwhelming weight of the evidence that allowing it to stand would sanction an unconscionable injustice. The evidence admitted at trial strongly suggests that the defendants were in fact guilty of the crime with which they were charged.
¶ 18. This issue is without merit.
IV. WHETHER FORD AND DIXON WERE AFFORDED EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 19. In addition to the errors claimed above, Ford and Dixon also contend that *1123 they were deprived of the right to effective assistance of counsel. Among the errors asserted by the appellants are trial counsel's failure to object to officers Hall and Cooper's testimony regarding the value and packaging of the cocaine in question, and trial counsel's failure to request an M.R.E. 403 balancing upon tender by the State of evidence of the prior, undercover drug sale.
¶ 20. Ineffective assistance of counsel claims are judged by the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, in order to prevail on a claim of ineffective assistance of counsel, the defendant is required to make both a showing of deficient performance and that, but for the deficient performance, a different result would likely have resulted. See Roby v. State, 861 So.2d 368, 370(¶ 8) (Miss.Ct.App.2003). Considering the evidence against Ford and Dixon, we cannot find that, but for trial counsel's errors, a different result would likely have resulted. This issue is without merit.
V. WHETHER THE CUMULATIVE ERRORS OF THE TRIAL COURT MANDATE REVERSAL.
¶ 21. This Court is at liberty to reverse a conviction and sentence based upon the cumulative effect of errors that independently would not require reversal. Dunigan v. State, 915 So.2d 1063, 1072(¶ 41) (Miss.Ct.App.2005) (citing Genry v. State, 735 So.2d 186, 201(¶ 73) (Miss. 1999)). However, where there is no reversible error in part, there is no reversible error to the whole. Id. As we find no error below, there can be no cumulative error. This issue is without merit.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY OF CONVICTION OF TRACY DIXON AND JERRY FORD OF POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE AND SENTENCE OF THIRTY YEARS EACH IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $500,000 EACH, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.